**CHRISTINA HUMPHREY LAW, P.C.**
Christina A. Humphrey (SBN 226326)
8330 Allison Ave., Ste. C.
La Mesa, CA 91942
Telephone: (619) 488-6400
Facsimile: (805) 618-2939
Email: christina@chumphreylaw.com

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (SBN 198691)
12121 Wilshire Blvd., Ste. 725
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441
hartpeter@msn.com

Attorneys for Plaintiffs Jesenia Lisbeth Zamora and Brandan Griego, and other individuals similarly situated

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESENIA ZAMORA AND BRANDAN GRIEGO, individuals and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., A DELAWARE CORPORATION; WALMART, INC., A DELAWARE CORPORATION; WAL-MART ASSOCIATES, INC., A DELAWARE CORPORATION; SAM'S WEST, INC., AN ARKANSAS CORPORATION; AND DOES 1-100<br><br>Defendants. | **Case No.** '20CV0401 W    AHG<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF FOR:**<br><br>**(1) VIOLATION OF LABOR CODE §§ 201- 203;**<br><br>**(2) VIOLATION OF LABOR CODE §203.1;**<br><br>**(3) VIOLATION OF CIVIL CODE § 1719;**<br><br>**(4) UNJUST ENRICHMENT;**<br><br>**(5) ACCOUNTING;**<br><br>**(6) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET. SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF

Plaintiffs Jesenia Zamora and Brandan Griego ("Plaintiffs") hereby submit this Class Action Complaint against Defendants Wal-Mart Stores, Inc., Walmart, Inc. and Sam's West, Inc. ("Defendants" or "Wal-Mart") on behalf of themselves and the putative class and subclasses of other similarly situated former employees of Defendants.

## INTRODUCTION

1. Wal-Mart is a national retailer with locations throughout the United States, including San Diego County, California.

2. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to pay Plaintiff all wages due and owing upon termination of employment including, but not limited to, payment of all vacation and vacation day equivalent wages (the latter including Paid Time Off ("PTO") days and personal holidays), minimum wage and regular wage and other qualifying wage compensation, in violation of Labor Code sections 201-203;

3. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to maintain sufficient funds to pay wages and failed to properly deliver all wages owed to their employees by withholding and maintaining an internal fund for undelivered and/or uncashed wages in violation of California law;

4. At all times relevant hereto, and as a matter of policy and/or practice, Defendants failed to reimburse employees for bounced check or overdraft or bank fees incurred as a result of their failure to deliver all wages owed to their employees in violation of Labor Code section 203.1 and Civil Code section 1719.

## PARTIES

**A.  Plaintiffs**

5. Plaintiff JESENIA ZAMORA is an individual over the age of eighteen (18), is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California, worked for Defendants in California and was denied the benefits and protections of the California Labor Code and IWC Wage

Order asserted herein. Plaintiff Zamora worked for Defendants from October 21, 2015 to July 10, 2017.

6. Plaintiff BRANDAN GRIEGO is an individual over the age of eighteen (18), is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California, worked for Defendants in California and was denied the benefits and protections of the California Labor Code and IWC Wage Order asserted herein. Plaintiff Griego worked for Defendants from August 31, 2019, to October 8, 2019.

**B.   Defendants**

7. Wal-Mart Stores, Inc. was and is a Delaware corporation doing business within the State of California and having a principal place of business within the State of California. Wal-Mart Stores, Inc.'s corporate headquarters are located in Bentonville, Arkansas. Upon information and belief, Plaintiffs allege that effective February 1, 2018, Wal-Mart Stores, Inc. changed its name to Walmart, Inc.

8. Since at least 2015, Wal-Mart Associates, Inc. has been and is merely engaged in the business of processing payroll for Wal-Mart Stores, Inc. Wal-Mart Associates, Inc. was and is a Delaware corporation doing business within the State of California and having a principal place of business in Bentonville, Arkansas. Upon information and belief, Wal-Mart Associates, Inc. has continued to be engaged in the business of processing payroll for Walmart, Inc.

9. Sam's West, Inc. was and is an Arkansas corporation doing business within the State of California. Sam's West, Inc.'s corporate headquarters are located in Bentonville, Arkansas.

10. DOES 1 to 100, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of DOES 1 to 100, inclusive, and for that reason, DOES 1 to 100

are sued under such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

11. Plaintiffs are informed and believe, and based upon such information and belief allege that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, in some manner, legally responsible for the events, happenings and circumstances alleged in this Complaint.

12. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein allege and was responsible in whole or in part for the matters referred to herein.

13. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiffs, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages allege in this Complaint.

14. Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiffs and others similarly situated.

15. Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or

otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

16.   This Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5 million.  The parties to this action are residents of different states.  Plaintiff is a citizen of California; Defendants are corporations incorporated under the laws of the State of Delaware, with their principal places of businesses in Arkansas.

17.   Venue as to Defendant Wal-Mart is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2). Wal-Mart maintains an office, transacts business, has an agent, or is otherwise found in the State of California and the District and Division in which this case is filed, and is within the jurisdiction of this Court for the purpose of service of process. The unlawful acts alleged herein had a direct effect on, and were committed within, the State of California.

18.   Further, venue is proper because this case is related to *Julio Garcia v. Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.*, Case 3:18-cv-00500-L-MDD, which is a certified class action.

## FACTUAL ALLEGATIONS

**A.   Plaintiff Zamora**

19.   Sam's West employed Plaintiff Zamora as an hourly non-exempt cashier from October 21, 2015, to July 10, 2017.  At the time of termination Sam's West did not pay her for time worked on her last day and all accrued vacation or vacation-equivalent wages and/or other wages.

20.   Plaintiff Zamora gave two weeks-notice prior to her last day and voluntarily left her job.  She worked approximately three to five (3-5) hours on July 10, 2017, but did not receive pay for that time worked or proper pay for unused vacation

and vacation-equivalent wages and/or other wages. Plaintiff Zamora contacted Defendants to request pay but she never received it.

21. Further, Sam's West issued Ms. Zamora a check for $855.36 as her last paycheck. However, that check bounced when it was deposited into her account and Ms. Zamora incurred a bounced check fee of $12.00. This deficiency was never cured and to date, Ms. Zamora has not received any of her wages.

22. Upon information and belief, Plaintiff Zamora believes her some or all of her funds were transferred to an unclaimed property fund and Wal-Mart did not take the proper steps to deliver her wages to her.

**B.    Plaintiff Griego**

23. Wal-Mart employed Plaintiff Griego as an hourly non-exempt associate from August 31, 2019, to October 8, 2019. Wal-Mart terminated Plaintiff Griego on October 8, 2019.

24. Wal-Mart issued Plaintiff Griego a check on October 8, 2019, in the amount of $548.29. On October 9, 2019, Plaintiff Griego deposited the check into his account. On October 10, 2019, the check was reversed causing a negative balance in Plaintiff's bank account. Finally, on October 15, 2019, the check was re-presented by the bank and cleared that same day.

**C.    Defendants' Failure to Pay All Wages Due Upon Termination of Employment**

25. At all times relevant hereto, Labor Code § 201 has required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Labor Code Sections 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for

waiting time penalties in the form of continued compensation for up to thirty (30) work days.

26. Defendants willfully and knowingly failed to pay Plaintiffs and the members of the putative class, upon termination of employment, all accrued compensation including but not limited to payment of wages for time worked, accrued vacation and vacation equivalent wages, and other forms of compensation.

**D.  Defendants' Failure to Pay with Sufficient Funds**

27. At all times relevant hereto, Labor Code §203.1 provides that "[i]f an employer pays an employee in the regular course of employment or in accordance with Section 201, 201.3, 201.5, 201.7, or 202 any wages or fringe benefits, or both, by check, draft or voucher, which check, draft or voucher is subsequently refused payment because the employer or maker has no account with the bank, institution, or person on which the instrument is drawn, or has insufficient funds in the account upon which the instrument is drawn at the time of its presentation, so long as the same is presented within 30 days of receipt by the employee of the check, draft or voucher, those wages or fringe benefits, or both, shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced. However, those wages and fringe benefits shall not continue for more than 30 days and this penalty shall not apply if the employer can establish to the satisfaction of the Labor Commissioner or an appropriate court of law that the violation of this section was unintentional…."

28. At all times relevant hereto, Civil Code §1719"(a)(1) has provided that [n]otwithstanding any penal sanctions that may apply, any person who passes a check on insufficient funds shall be liable to the payee for the amount of the check and a service charge payable to the payee for an amount not to exceed twenty-five dollars ($25) for the first check passed on insufficient funds and an amount not to exceed thirty-five dollars ($35) for each subsequent check to that payee passed on insufficient funds."

29. Defendants paid Plaintiffs with insufficient funds such that they incurred bounced check fees and/or overdraft issues that had to be reconciled by Plaintiffs. Defendants never reimbursed Plaintiffs for any bank charges or fees incurred as a result of their payment with insufficient funds.

### E. Accounting and Unjust Enrichment

30. An accounting is an equitable action that may be brought where a fiduciary relationship exists between the parties or the accounts are so complicated that an ordinary action demanding a fixed sum is impracticable. (5 *Witkin California Procedure* (*5th Ed. 2008*) *Pleading,* § 819, p. 236; *San Pedro Lumber Co. v. Reynolds* (1896) 111 Cal. 588, 595-596; *Civic Western Corp. v. Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 14 (complicated accounts).) "[A] cause of action for accounting need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." (*Brea v. McGlashan* (1934) 3 Cal. App. 2d 454, 460.)

31. Unjust enrichment is also an equitable cause of action that may be brought where Plaintiffs can demonstrate that Defendants received a benefit and unjustly retained a benefit at the expense of another. (*Elder v. Pacific Bell Telephone Co.* (2012) 205 Cal. App. 4th 841, 857).

32. As an employer, Wal-Mart owed a fiduciary duty to its employees to tender sufficient funds and fully compensate its employees. It retained a benefit by failing to properly deliver all wages owed to their employees in a timely manner and retaining said wages owed for its benefit. Plaintiffs request an accounting to determine the sums that are owed to all employees.

33. Furthermore, Wal-Mart maintained an internal fund for undelivered and/or uncashed wages in violation of California law. Wal-Mart had a duty to attempt continued contact with former employees, deliver paychecks, and report unclaimed property to the State of California. Wal-Mart failed to fulfill its fiduciary duty and

obligations under California's Unclaimed Property Law by failing to follow the procedures set forth in the Unclaimed Property Law.

## CLASS ACTION ALLEGATIONS

48. Pursuant to Federal Rule of Civil Procedure 23(a)(1)-(4), 23(b)(2), and 23(b)(3), this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

**A.  Class Definition**

49. Plaintiffs bring this suit as a class action on behalf of any and all former employees who worked for Defendants in the State of California whose employment ended at any time from four (4) years prior to the date of this Complaint through the date of judgment ("the Putative Class" and "Relevant Time Period"), including the following sub-classes:

a. all former employees of Defendants whose employment was terminated by Defendants;

b. all former employees of Defendants who voluntarily resigned/quit from Defendants;

c. all former employees whose wages and or other monies are being held by Defendants in their internal fund for undelivered and/or uncashed wages;

d. all former employees whose final pay checks were reversed or bounced after payment was tendered;

e. all former employees whose final pay checks were reversed or bounced after payment was tendered and the former employee paid a service charge as a result;

f. any and all individuals who worked for Defendants in the State of California whose employment ended at any time from August 27, 2019, through the date of judgment, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or

vacation) on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual;

 g. any and all individuals who worked for Defendants in the State of California whose employment ended at any time from August 27, 2019, through the present, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) more than 3 days after the issuance of the Statement of Final Pay on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual (the "Subclass").

**B.**   **Numerosity**

50.   The members of the Putative Classes are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Putative Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to timely pay wages to employees who resigned and/or employees who were terminated according to California law; and further failed to fulfill their fiduciary obligations pursuant to California's Unclaimed Property law as to uncashed paychecks.

**C.**   **Common Questions of Law and Fact**

51.   There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and Putative Class Members concerning Defendants' failure to timely pay final wages and Defendants' fiduciary obligations to class members pursuant to California law.

**D.**   **Typicality**

52.   Plaintiffs are informed and believe, and based on such information and belief allege, that their claims are typical of the claims of all members of the Putative Class whom they seek to represent. Defendant treated both Plaintiffs and all members of the Putative Class in a virtually identical manner with respect to the violations of

law asserted herein. These violations of law arise out of Defendants' common course of conduct in, inter alia (a) failing to timely pay final wages; (b) breaching fiduciary obligations to the Putative Class to comply with California's unclaimed property law; (c) failing to tender sufficient funds for final paychecks; and (d) failing to reimburse Putative Class Members for service charges incurred as a result of Defendants' failure to pay sufficient funds.

### E.    Adequacy of Representation

53.    Plaintiffs are informed and believe, and based on such information and belief allege, that Plaintiffs will fairly and adequately protect the interests of the members of the Putative Class they seek to represent.  Plaintiffs are adequate representatives of the Putative Class because Plaintiffs are also members of the Subclass and because Plaintiffs' interests do not conflict with the interests of the members of the Putative Class and Subclasses they seek to represent. Plaintiffs have retained counsel competent and experienced in the prosecution of complex class actions and Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of the Putative Class.  Plaintiffs and his counsel will fairly and adequately protect the interests of the Putative Class members.

### F.    Superiority

54.    Plaintiffs are informed and believe, and based on such information and belief allege, that this action is properly brought as a class action, not only because the prerequisites of Rule 23 and common law related thereto are satisfied (as outlined above), but also because of the following:

   a. The prosecution of separate actions by or against individual members of the Class would create risk if inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards for conduct for the party opposing the Class;
   b. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members

and the applicable parties to the adjudications or substantially impair or impede their ability to protect their interests;

c. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

d. Class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

# FIRST CAUSE OF ACTION

## Violation of Labor Code §§ 201 – 203

**(Against Defendants by Plaintiffs and the Putative Class and Subclasses)**

55. Plaintiffs hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

56. At all relevant times, Defendants were required to pay Plaintiffs and the Putative Class and subclass members all wages owed in a timely fashion at termination of employment, or within 72 hours' notice of voluntary resignation, pursuant to Cal. Lab. Code §§ 201 to 203.

57. As a pattern and practice, Defendant willfully and regularly failed to pay Plaintiffs and putative class members their final wages pursuant to Cal. Lab. Code §§ 201 to 203 including all regular wages earned until the last day worked of their employment, vacation wages and "vacation day equivalent" wages, and any other form of wages. Accordingly, Defendants are liable for waiting time penalties equal to each class members' daily regular wages up to thirty (30) days from the time the wages were initially due.

## SECOND CAUSE OF ACTION

### Violation of Labor Code §§ 201.3

**(Against Defendants by Plaintiffs and Putative Subclass (d) and (e))**

58. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

59. At all relevant times, Defendants were required to pay Plaintiffs and the Putative Class and subclass members all wages owed in a timely fashion at termination of employment, or within 72 hours-notice of voluntary resignation, pursuant to Cal. Lab. Code §§ 201 to 203.

60. Plaintiffs and putative class members are also owed waiting time penalties pursuant to Cal. Lab. Code § 203.1 to the extent that they were unable to timely receive payment for their final wages as result of receiving final pay which could not be successfully deposited on account of Defendants' failure to maintain sufficient funds with their banking institution(s).

## THIRD CAUSE OF ACTION

### Violation of Civil Code § 1719

**(Against Defendants by Plaintiffs and the Class and Subclasses (d) and (e))**

61. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

62. At all relevant times, Defendants were required to pay Plaintiffs and the Putative Class and subclass members all wages owed in a timely fashion at termination of employment, or within 72 hours' notice of voluntary resignation, pursuant to Cal. Lab. Code §§ 201 to 203.

63. As a pattern and practice, Defendants willfully and regularly failed to maintain sufficient funds with their banking institution(s) such that Plaintiffs and

putative class members were unable to timely receive payment for their final wages when they attempted to deposit these checks. Accordingly, Defendants are liable to Plaintiff and class members for service fees incurred and damages equaling treble the amount of each check passed on insufficient funds pursuant to Cal. Civ. Code § 1719.

## FOURTH CAUSE OF ACTION

### For Unjust Enrichment

**(Against Defendants by Plaintiffs and the Putative Class and Subclasses)**

64. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

65. Defendants have been unjustly enriched by practicing, employing and utilizing the employment practices in violation of California law as outlined above.

66. Plaintiffs are informed and believe, and based thereon allege, that Defendants have been unjustly enriched by maintaining an internal fund whereby it deposits the wages of putative class members' whose final wages were not deposited or delivered to putative class members. Plaintiffs contend that such a fund was created by Defendants so that they could avoid their legal obligations under the California Labor Code, including but not limited to obligations pursuant to §§ 201-203, 203.1 and 227.3, to ensure timely payment and receipt of such wages. Thus, any unused and accrued vacation or "vacation day equivalent" wages, for example, which should have been paid to a terminated class member immediately, are simply deposited into the fund if Defendants are not able to easily tender final wages in accordance with Cal. Lab. Code 201(a). Plaintiffs allege that the maintenance of such a fund unjustly enriched Defendants.

67. Plaintiffs are also informed and believe, and based thereon allege, that Defendants failed to comply with California's Unclaimed Property statutes, which, among other things, mandate that Defendants make continual efforts to deliver wages

to putative class members and comply with reporting requirements of the State of California.

68. Plaintiffs are also informed and believe, and based thereon allege, that Defendants failed to maintain sufficient funds with their banking institution(s), such that Plaintiffs and putative class members were unable to timely receive payment for their final wages as result of receiving final pay which could not be successfully deposited, resulting in the unjust enrichment of Defendants.

69. Plaintiffs seek, on their own, on behalf of other putative members of the Class and subclasses similarly situated, and on behalf of the general public, full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unjust practices complained of herein.

70. The restitution includes the equivalent of: all wages withheld in Defendants' internal wage fund for undelivered and/or un-cashed wages, and all service fees incurred as a result of Defendants' insufficient funds and applicable interest and penalties owed as a result thereof.

## FIFTH CAUSE OF ACTION

### For Accounting

**(Against Defendants by Plaintiffs and the Putative Class and Subclasses)**

71. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

72. Plaintiffs are unaware of the exact amounts owed to them and putative class members with respect to monies owed to them owed to them as a result of Defendants' violation of California Labor Laws and California's Unclaimed Property Law as described above. The information necessary to ascertain those amounts is

complex and strictly within Defendants' control. Accordingly, Plaintiffs seek an accounting of those amounts.

## SIXTH CAUSE OF ACTION

### For Violations of Business and Professions Code § 17200, et seq.

### (Against Defendants by Plaintiffs and the Putative Class and Subclasses)

73. Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

74. Defendants have engaged in and continue to engage in unlawful and unfair business practices in violation of California law by practicing, employing and utilizing the employment practices outlined above.

75. Plaintiffs are also informed and believe, and based thereon allege, that Defendants maintain an internal fund whereby it deposits the wages of class members' whose final wages were not deposited or delivered to class members. Plaintiffs contend that such a fund was created by Defendants so that they could avoid their legal obligations under the California Labor Code, including obligations pursuant to §§ 201-203 and 227.3, to ensure timely payment and receipt of such wages. Thus, any unused and accrued vacation or "vacation day equivalent" wages, for example, which should have been paid to a terminated class member immediately, are simply deposited into the fund if Defendants are not able to easily tender final wages in accordance with Cal. Lab. Code 201(a). Plaintiffs allege that the maintenance of such a fund constitutes an "unlawful" and "unfair" business practice in violation of the U.C.L.

76. Plaintiffs are also informed and believe, and based thereon allege, that Defendants failed to comply with California's Unclaimed Property statutes, which, among other things, mandate that Defendants make continual efforts to deliver wages to putative class members and comply with reporting requirements of the State of California.

77. Plaintiffs are also informed and believe, and based thereon allege, that Defendants willfully failed to maintain sufficient funds with their banking institution(s), such that Plaintiffs and putative class members were unable to timely receive payment for their final wages as result of receiving final pay which could not be successfully deposited.

78. Plaintiffs allege that Defendants' utilization of such unlawful and unfair business practices constitute unfair competition and provide an unfair advantage over Defendants' competitors.

79. Plaintiffs seek, on their own behalf, on behalf of other members of the Putative Class and subclasses similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unlawful and unfair practices complained of herein.

80. The restitution includes the equivalent of: all wages withheld in Defendants' internal wage fund for undelivered and/or un-cashed wages, all service fees incurred as a result of Defendants' insufficient funds, and interest thereon.

81. Further, if Defendants are not enjoined from engaging of the unlawful, unfair and fraudulent conduct described above, Defendants will continue unabated in their conduct, which will result in continued irreparable injury to Defendants' competitors and members of the public, and for which there is no adequate remedy at law. Thus, Plaintiffs and the members of the putative class request that the Court issue a preliminary and permanent injunction prohibiting Defendant from engaging in the foregoing conduct.

82. The acts complained of herein occurred within the last four years preceding the first filing of the Complaint in this action.

83. Plaintiffs are informed and believe and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and/or unfair business practices, as proscribed by Cal. Bus. and Prof. Code § 17200, et seq.,

including those set forth above, thereby depriving Plaintiffs and other members of the general public the minimum working standards and conditions guaranteed to them under California law and the Industrial Welfare Commission Wage Orders.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

a. An order certifying the class and sub-class identified herein;
b. An order appointing Plaintiff as representative of the class and sub-class identified herein;
c. An order appointing Plaintiff's counsel as class counsel;
d. Damages;
e. Restitution;
f. Injunctive Relief;
g. Statutory penalties;
h. Pre-judgment and post-judgment interest;
i. Costs of suit;
j. Reasonable attorneys' fees; and
k. Such other and further relief as the Court may deem necessary or appropriate.

DATED:  March 2, 2020

**CHRISTINA HUMPHREY LAW, P.C.**

**LAW OFFICES OF PETER M. HART**

By: s/ Christina A. Humphrey
Christina A. Humphrey, Esq.
Peter M. Hart, Esq.
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial of Plaintiffs' and the members of the putative class' claims by jury to the extent authorized by law.

DATED: March 2, 2020

**CHRISTINA HUMPHREY LAW, P.C.**

**LAW OFFICES OF PETER M. HART**

By:  s/  Christina A. Humphrey
Christina A. Humphrey, Esq.
Peter M. Hart, Esq.
Attorneys for Plaintiffs