UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESENIA ZAMORA, individually and on behalf of all others similarly situated, and BRANDAN GRIEGO,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.; WALMART, INC.; WAL-MART ASSOCIATES, INC.; SAM'S WEST, INC., and DOES 1–100,<br><br>Defendants. | Case No.: 3:20-cv-401-BAS-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 14]** |

Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently scheduled for June 19, 2020. ECF No. 14.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 13 at 6–7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a

1

specified time, the court may, for good cause, extend the time"); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that Defendant's client representative is unavailable to attend the ENE. ECF No. 14 at 3. Therefore, the parties seek a continuance of the ENE, CMC, and related deadlines. *Id.* The parties identified July 10, 2020 as a mutually agreeable conference date. *Id.*

As an initial matter, the parties' motion is deficient. First, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules and the Court's May 26, 2020 Order. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"); ECF No. 13 at 7 (same). The Court will take the parties at their words without the required declaration, but will not do so again.[1]

Second, the parties' motion failed to include specific facts or any framework for a finding of diligence. The motion merely recounts that "Defendant's client representative is unavailable to attend the ENE, which is currently scheduled for June 19, 2020." ECF

---

[1] "There can be no question that courts have inherent power to enforce compliance with their lawful orders . . ." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see* CivLR 83.1 (authorizing imposition of sanctions based on a party's failure to comply with a court order).

No. 14 at 3. Without more, this is simply insufficient. However, court staff reached out to the parties for more detailed reasoning for the requested continuance, and the parties responded that "[o]n May 22, 2020, prior to the receipt of the Court's scheduling order, Walmart's in-house counsel agreed to appear for a deposition in another matter that will take place at the same time as the scheduled ENE." Email to Chambers (June 8, 2020). This information should have been included in the required declaration.

Despite the joint motion's shortcomings, upon receipt of the supplemental information, the Court finds good cause to continue the ENE and CMC. As such, the parties' joint motion is **GRANTED IN PART** as follows:

1. The ENE, originally scheduled for June 19, 2020, is hereby **RESET** for **July 17, 2020**[2] at **9:30 a.m.** before Magistrate Judge Allison H. Goddard.

2. Since the ENE has been rescheduled, each party's ENE Statements are now due no later than **July 14, 2020**. These statements must conform with the requirements set forth in the Court's original order setting ENE. *See* ECF No. 13 at 3.

3. In the event the case does not settle at the ENE, the Court will immediately thereafter hold a CMC pursuant to FED. R. CIV. P. 16(b). The Court orders the following to occur before the CMC:

    A.    The parties were previously ordered to meet and confer pursuant to FED. R. CIV. P. 26(f) no later than June 2, 2020. ECF No. 13 at 3. This deadline had passed[3] before the parties' filed their joint motion on

---

[2] The Court is cognizant that the parties jointly requested that the ENE be rescheduled to July 10, 2020. However, this date is unavailable on the Court's calendar.

[3] The Court notes the parties' failure to comply with the Court's Chambers Rules and the Court's May 26, 2020 Order. Chmb.R. at 2 (requiring that the joint motion for continuance include "the original date" that they wished to continue); ECF No. 13 at 7 (same). The parties' joint motion merely requests that the "Court continue the [ENE and CMC], and related deadlines in this matter." ECF No. 14 at 3. It is therefore unclear whether the parties seek a continuance of deadlines that have already passed. In an abundance of caution, the Court will do so here; but it will not do so again.

June 8, 2020. *See* ECF No. 14. However, if the parties have not already met and conferred pursuant to FED. R. CIV. P. 26(f), they must do so no later than **June 15, 2020.**

    B.    The parties must file a Joint Case Management Statement by **July 7, 2020**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

    C.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **June 29, 2020**.

4.    In accordance with the Local Rules, the Court requires personal attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation. CivLR 16.1(a). However, due to the current COVID-19 public emergency,[4] and upon due consideration, the Court hereby **modifies** the ENE to be via **videoconference** for all attendees. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on

---

[4] On March 17, 2020, Chief Judge Larry A. Burns issued an Order in response to the COVID-19 public emergency ("CJO #18") which, among other things, suspends the requirement under Civil Local Rule 16.1(a) that ENEs be conducted in person to protect public safety and prevent the spread of COVID-19. *See* CJO #18 at ¶ 9. CJO #18 is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2018.pdf. This order was extended until mid-June by CJO # 27, which is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2027.pdf.

computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[5] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[6] There is a cost-free option for creating a Zoom account.

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 9:30 a.m.  **The Zoom e-mail invitation may**

---

[5]   If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[6]   For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

        **indicate an earlier start time, but the ENE will begin at the Court-scheduled time.**

D.   Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[7] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E.   No later than **July 14, 2020**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

    i.   The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.   An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii.   A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party

---

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

                    representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

          iv.    **A cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

    F.    All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

5.    All procedures and requirements set forth in the Court's Order Setting ENE (ECF No. 13) remain in place, except as explicitly modified by this order.

**IT IS SO ORDERED.**

Dated: June 9, 2020

                                                                  _____
                                                                   Honorable Allison H. Goddard
                                                                   United States Magistrate Judge