UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESENIA ZAMORA, individually and on behalf of all others similarly situated, and BRANDAN GRIEGO,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.; WALMART, INC.; WAL-MART ASSOCIATES, INC.; SAM'S WEST, INC., and DOES 1–100,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:20-cv-401-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE CASE MANAGEMENT DATES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 37]** |

　　　Before the Court is the parties' joint motion to continue case management dates. ECF No. 37. The parties seek to continue the case management schedule by 60 days. *Id*.

　　　Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and

statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

The parties have represented to the Court that they have been diligently working toward the Court's January 5, 2021 class discovery cutoff—they have exchanged nearly 1,500 pages of documents, and more than 60 written discovery requests have been answered. ECF No. 37 at 4; ECF No. 37-1 at 3. The parties also represent that there are new issues raised in Plaintiffs' November 3 Amended Complaint, and thus additional discovery to propound. *Id*. Further, Defendant has its five busiest retail weeks ahead, which, in addition to the COVID-19 public emergency, may create delays in completing discovery by the deadline. ECF No. 37 at 4–5; ECF No. 37-1 at 3. Thus, the parties have requested that the Court extend its case management schedule by 60 days. ECF No. 37 at 5.

The Court appreciates the parties' thorough motion and attention to the Court's chambers rules, and finds good cause to continue the case management deadlines. As such, the parties' joint motion is **GRANTED**, and the Court issues the following Amended Scheduling Order:

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Fact and class discovery are not bifurcated, but class discovery must be completed by **March 8, 2021**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to**

**comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

     3.     Plaintiffs must file a motion for class certification by **April 8, 2021**.

     4.     Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

     5.     The dates set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  November 30, 2020

                                                     *[signature]*
                                                Honorable Allison H. Goddard
                                                United States Magistrate Judge