UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDAN GRIEGO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.; et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  3:20-cv-401-BAS-AHG<br><br>**ORDER RESOLVING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 60]** |

Before the Court is Plaintiff Brendan Griego ("Plaintiff") and Defendants Wal-Mart Stores, Walmart Inc., Wal-Mart Corporation, and Sam's West Inc.'s (collectively, "Defendants") Joint Motion for Determination of Discovery Dispute. ECF No. 60. Defendants seek an order from the Court barring or otherwise limiting the deposition of Todd Stokes, which Plaintiff opposes. *Id*. For the reasons set forth below, Defendants' motion for protective order is **GRANTED** without prejudice.

**I.    BACKGROUND**

On March 8, 2021, Plaintiff filed the operative amended complaint in this matter, alleging that Defendants failed to pay Plaintiff all wages due upon termination of employment, in violation of the California Labor Code. ECF No. 57 at ¶ 2. Plaintiff brings

this suit as a putative class action on behalf of:

> Any and all individuals who worked for Defendants in the State of California whose employment ended at any time from August 27, 2019, through the date of judgment, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual; [and]

> Any and all individuals who worked for Defendants in the State of California whose employment ended at any time from August 27, 2019, through the date of judgment, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) more than 3 days after the issuance of the Statement of Final Pay on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual.

*Id.* at ¶ 21.

On March 1, 2021, pursuant to the Court's Chambers Rules, the parties alerted the Court that they disagreed about Mr. Stokes's deposition, which was noticed for March 5.[1] Email to Chambers (Mar. 1, 2021 at 4:12 p.m.); *see* Chmb.R. at 2. Mr. Stokes is a high-ranking Walmart executive for Walmart's Neighborhood Markets business. ECF No. 60 at 3. He has been deposed in certain related cases. *Id.* The Court held a telephonic discovery conference on March 2, 2021. ECF No. 50. The Court found it appropriate to issue a briefing schedule in this matter. ECF No. 51. The parties timely filed their joint motion on March 12, 2021. ECF No. 60. This order follows.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure permit parties to obtain nonprivileged

---

[1] The Court notes that neither side included Mr. Stokes's deposition notice as an exhibit to the instant motion. *See* ECF No. 60 at 15–17 (only providing Mr. Stokes's deposition notice from 2018 in another case). Thus, from the papers, it is unclear whether Mr. Stokes is sought for his personal deposition or as a Rule 30(b)(6) witness to address the topics Ms. McChristian did not know. This distinction, however, does not impact the Court's analysis.

information if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. FED. R. CIV. P. 26(b). Courts have broad discretion to determine relevance for discovery purposes. *Doherty v. Comenity Capital Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Youngevity Int'l, Inc. v. Smith*, No. 16cv704-BTM-JLB, 2017 WL 2692928, at *3 (S.D. Cal. June 22, 2017). The question of relevancy "should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). Regardless of its broad nature, however, relevance is not without "ultimate and necessary boundaries." *Doherty*, 2017 WL 1885677, at *2.

Information must be "proportional to the needs of the case" to fall within the scope of permissible discovery. FED. R. CIV. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted). Both discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id*.

Rule 26(c)(1), in turn, governs protective orders. For good cause, a court may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[,]" including prohibiting or limiting a deposition. FED. R. CIV. P. 26(c)(1)(A). In order to make the requisite showing of good cause, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is

granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06cv408-WQH-AJB, 2007 WL 1120567, at *4 (S.D. Cal. Mar. 22, 2007) ("To establish good cause, the moving party must make a clear showing of a particular and specific need for the order."). "The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Grano v. Sodexo Mgmt.*, 335 F.R.D. 411, 414 (S.D. Cal. 2020); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (interpreting Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").

When seeking to prohibit the deposition of a company representative, other considerations also apply:

> When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts have "observed that such discovery creates a tremendous potential for abuse or harassment." [] The court therefore has discretion to limit discovery where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." []

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 262–63 (N.D. Cal. 2012) (internal citations omitted). When deciding whether an apex deposition should go forward, courts look at "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* at 263 (quoting *In re Google Litig.*, No. C-08-03172-RMW-PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)).

Prior to class certification, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)) ("Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court"). Further, district courts have broad discretion to manage discovery. *Laub v. U.S. Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *Hallett*, 296 F.3d at 751; *see U.S. Fidelity*

*& Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 (9th Cir. 2011). This discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (trial court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"); *UMG Recordings, Inc. v. Doe*, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008) ("the district courts wield broad discretion" in fashioning discovery orders).

### III. DISCUSSION

Defendants repeatedly allude to Mr. Stokes's deposition not being relevant to class certification or Plaintiff individually. *See* ECF No. 60 at 4 (explaining that Mr. Stokes knows nothing about Plaintiff, has never spoken with Plaintiff, and was not involved in his termination); *id*. at 6–7 (contending that, since the motion for class certification is pending, that further deposition would likely be irrelevant or duplicative). As a threshold matter, the Court notes that "[t]he Court did not bifurcate discovery [] so the parties are permitted to conduct discovery relevant to both class certification and the merits of the case." *Hawkins v. Kroger*, No. 15cv2320-JM-BLM, 2019 WL 4416132, at *10 (S.D. Cal. Sept. 16, 2019); *see* ECF No. 38 at ¶ 2. Therefore, when considering whether Mr. Stokes's deposition is relevant, the Court does not restrict relevance to issues related to class certification.

Nonetheless, the Court does not find that Mr. Stokes's deposition is relevant. From September 2018 to August 2020, Mr. Stokes worked in Divisional Human Resources Walmart US. ECF No. 60 at 20. In this role, he was not responsible for human resources functions in California. *Id*. Since August 2020, Mr. Stokes has held the position of Director, Regional People for Walmart's Neighborhood Markets. *Id*. In this role, his responsibilities include human resources oversight for Walmart Neighborhood Markets in his region, which includes California, but he does not oversee human resources for Walmart Supercenters in any region. *Id*. This case includes individuals who worked in California and whose employment ended from August 27, 2019, to the present. ECF No. 57 at ¶ 21. The Court agrees with Defendants that, since Mr. Stokes has not been responsible for

California human resources functions for most of the class period, his testimony at this stage is neither relevant nor proportional to the needs of the case.

Plaintiff argues that since Mr. Stokes was deposed in other cases, including two California cases, he should be deposed in this case. ECF No. 60 at 9. Plaintiff seeks Mr. Stokes's deposition because "his testimony was damaging in the *Garcia* and *Magadia* cases, where he was deposed and was a witness at trial. … [and because] his testimony is necessary to validate the testimony cited from *Garcia* in Plaintiff's motion for Class Certification which is directly on point to this case." ECF No. 60 at 25. The class periods in the other related cases were different,[2] however, so that does not automatically make his testimony relevant here. Further, the Court questions whether deposing Mr. Stokes in this case is the only means to bring in his past testimony (*see, e.g.*, FED. R. EVID. 801(d)(2)(D)) and concludes it would be unnecessarily intrusive at this time. *See LF Centennial Ltd. v. Z-Line Designs, Inc.*, No. 16cv929 JM-NLS, 2017 WL 1281803, at *2–*3 (S.D. Cal. Apr. 6, 2017) (granting motion for protective order as to personal deposition of corporate representative when another corporate representative would be testifying as the Rule 30(b)(6) witness); *In re Google Litig.*, 2011 WL 4985279, at *2 (granting motion for protective order because party seeking the deposition did not show that the high-ranking executive "ha[d] unique and first-hand knowledge of the facts of this case, or that [it] has exhausted other less intrusive methods of discovery," and permitting a subsequent motion to be filed if, after further depositions, specific topics were identified that only that particular executive could address); *see also Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16cv698-CAB-NLS, 2018 WL 692259, at *6–*7 (S.D. Cal. Feb. 2, 2018)

---

[2] For example, in *Julio Garcia v. Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc.*, Case No. 3:18-cv-00500-L-MDD (S.D. Cal.), the class period was from February 1, 2015 through August 26, 2019. ECF No. 55 at 8. Mr. Stokes held the position of Regional Human Resources Director, Region 57, from 2014 to 2018. ECF No. 60 at 20. In this role, his responsibilities included human resources oversight for California. *Id*. Thus, his testimony was squarely relevant in *Garcia*.

(granting motion for protective order as to high ranking corporate representative, because plaintiff had not met its burden to show that it had exhausted other discovery methods and that he had unique first-hand, non-repetitive knowledge, and permitting the parties to reassess the deposition in the future after deposing other lower level employees).

## IV. CONCLUSION

Upon review of the papers and for the reasons set forth above, the Court finds good cause to **GRANT** Defendants' Motion for Protective Order **without prejudice**. After the pending motion for class certification has been decided, the parties may revisit whether Mr. Stokes's deposition is relevant, for example, to whether Defendants' policies have changed over time. However, the Court reminds the parties that discovery is supposed to be self-executing, and that they are required to *meaningfully* meet and confer ahead of any future discovery disputes.[3]

**IT IS SO ORDERED.**

Dated: March 30, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] *See, e.g.*, ECF No. 60 at 12 ¶¶ 3–5, 25 ¶ 6 (allegations that Plaintiff's counsel would not give the reason she sought the deposition, and that Defendants' counsel would not meet and confer regarding page/line stipulations).