1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRANDAN GRIEGO,

Plaintiff,

v.

WAL-MART STORES, INC. et al.,

Defendants.

Case No.:  20cv401-L-MDD

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND DENYING PLAINTIFF'S EX PARTE MOTION TO RECONSIDER**

**(ECF Nos. 55, 77)**

Pending before the Court are Plaintiff Brandan Griego's motion for class certification (ECF No. 55) and his ex parte motion to reconsider (ECF No. 77).   The Court decides the matters on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, the Court denies Plaintiff's motion for class certification and denies his ex parte motion as moot.

This action was transferred to this Court at Plaintiff's request.  (Pl.'s Mot. for Transfer and Reassignment Under Local Rule 40.1, ECF No. 82.)  Plaintiff requested the transfer because a nearly identical case was already pending in this Court, *Garcia v. Wal-Mart Associates, Inc*., et al., 18cv500-L-MDD ("*Garcia*").  Both actions assert the same legal claim for waiting time penalties pursuant to California Labor Code §§ 201-203 on behalf of a class and subclass against Wal-Mart Defendants.  (*Cf.* Pl's Notice of Mot. and

1   Mot. for Class Certification, *Garcia* ECF No. 34 ("*Garcia* Class Cert. Mot.") *with* Pl.'s

2   Notice of Mot. and Mot. for Class Certification, ECF No. 55 ("*Griego* Class Cert. Mot.").

3   This Court agreed to accept the transfer based on Civil Local Rule 40.1 because the same

4   legal claims are asserted based on the same payroll and timekeeping policies and

5   procedures employed by Defendants.

6          On August 26, 2019, the Court granted class certification in *Garcia*, certifying a

7   class and subclass defined as follows:

8          a.      Any and all individuals who worked for Defendants in the State of
           California whose employment ended at any time from February 1, 2015,
9          through the present, and who received a Statement of Final Pay and then
           received any additional wages (regular, overtime and/or vacation) on
10         Defendants' on-cycle payroll immediately subsequent to the issuance of the
           Statement of Final Pay to the individual (the "Class"); and
11

12

13         b.      Any and all individuals who worked for Defendants in the State of
           California whose employment ended at any time from February 1, 2015,
14         through the present, and who received a Statement of Final Pay and then
           received any additional wages (regular, overtime and/or vacation) more than
15         3 days after the issuance of the Statement of Final Pay on Defendants' on-
           cycle payroll immediately subsequent to the issuance of the Statement of
16         Final Pay to the individual (the "Subclass").

17

18   (*Garcia* Class Cert. Mot. at ii-iii; Order Granting Pl's Mot. for Class Certification,

19   *Garcia* ECF No. 48 at 2-3.)

20         Plaintiff herein seeks class certification for the same claim, failure to pay

21   separating employees all final wages within the time provided by California Labor Code

22   §§ 201(a) and 202(a), based on the same theory of the case.  (*Cf. Garcia* Class Cert. Mot.

23   *with Griego* Class Cert. Mot.)  With the exception of the class period, Plaintiff's

24   proposed class and subclass definitions are the same as those confirmed in *Garcia*:

25         a.      Any and all individuals who worked for Defendants in the State of
           California whose employment ended at any time from August 27, 2019,
26         through the date of judgment, and who received a Statement of Final Pay
           and then received any additional wages (regular, overtime and/or vacation)
27

28

on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual;

b.      Any and all individuals who worked for Defendants in the State of California whose employment ended at any time from August 27, 2019, through the date of judgment, and who received a Statement of Final Pay and then received any additional wages (regular, overtime and/or vacation) more than 3 days after the issuance of the Statement of Final Pay on Defendants on-cycle payroll immediately subsequent to the issuance of the Statement of Final Pay to the individual (the "Subclass").

(*Griego* Class Cert. Mot. at ii-iii.)  The only difference between Plaintiff's proposed class and the class certified in *Garcia* is the class period.  The class period proposed by Plaintiff is entirely subsumed in the class period certified in *Garcia*.

A party seeking class certification must be prepared to prove that he or she meets the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  The moving party must show "through evidentiary proof" that these requirements are met.  *Id.*

Plaintiff seeks certification pursuant to Rule 23(b)(3).  To prevail, he must show, among other things, that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. Proc. 23(b)(3).  One of the matters pertinent to this finding is "the extent and nature of any litigation concerning the controversy already begun by or against class members."  *Id.*  Plaintiff did not address this factor in his motion.

The *Garcia* class includes Plaintiff's proposed class.  Plaintiff has not met his burden to show that certifying a class action in his case is superior to other available methods of adjudicating the putative class members' claims.  His motion for class certification is therefore denied.

Also pending before the Court is Plaintiff's ex parte motion to reconsider the Order granting Defendants' ex parte motion to strike new arguments raised in Plaintiff's reply

1  in support of his motion for class certification.  (ECF Nos. 75-77.)  Because denial of

2  Plaintiff's class certification does not implicate new arguments Defendants claim Plaintiff

3  raised in the reply, Plaintiff's ex parte motion is denied as moot.

4  **IT IS SO ORDERED.**

5  Dated:  March 31, 2022

6  _____

7  Hon. M. James Lorenz

   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28